**No. 25-2230**

**UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT**

PRESIDENT AND FELLOWS OF HARVARD COLLEGE,

*Plaintiff-Appellee,*

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; NATIONAL INSTITUTES OF HEALTH; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the United States Department of Health and Human Services; UNITED STATES DEPARTMENT OF JUSTICE; TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; UNITED STATES DEPARTMENT OF EDUCATION; LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education; GENERAL SERVICES ADMINISTRATION; EDWARD FORST, in his official capacity as Administrator of the United States General Services Administration; UNITED STATES DEPARTMENT OF ENERGY; CHRISTOPHER A. WRIGHT, in his official capacity as Secretary of the Department of Energy; NATIONAL SCIENCE FOUNDATION; BRIAN STONE, in his official capacity as Acting Director of the United States National Science Foundation; UNITED STATES DEPARTMENT OF DEFENSE; PETER HEGSETH, in his official capacity as Secretary of the United States Department of Defense; NATIONAL AERONAUTICS AND SPACE ADMINISTRATION; JARED ISAACMAN, in his official capacity as Administrator of the National Aeronautics and Space Administration; UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; SCOTT TURNER, in his official capacity as Secretary of Housing and Urban Development; UNITED STATES DEPARTMENT OF AGRICULTURE; BROOKE L. ROLLINS, in her official capacity as Secretary of Agriculture,

*Defendants-Appellants.*

On Appeal from the United States District Court for the District of Massachusetts, No. 25-cv-11048

**MOTION OF THE NATIONAL JEWISH ADVOCACY CENTER FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE IN SUPPORT OF DEFENDANTS-APPELLANTS AND REVERSAL**

DOUGLAS S. BROOKS (BBO No. 636697)
LIBBY HOOPES BROOKS & MULVEY, P.C.
260 Franklin Street
Boston, MA 02110
(617) 338-9300
dbrooks@lhbmlegal.com


NATIONAL JEWISH ADVOCACY CENTER
954 Airport Road, Suite 1196
Atlanta, GA 30341
(332) 278-1100
njac@njaclaw.org

*Attorneys for Amicus Curiae*

## I.  Interest of the Movant

The National Jewish Advocacy Center (NJAC) is a national legal advocacy organization that represents Jewish individuals, students, and communal institutions in civil rights litigation across the United States, including actions under Title VI of the Civil Rights Act of 1964. Its docket and daily intake give it direct, current knowledge of what Jewish students on American campuses report experiencing, and of the distance that can open between an institution's public account of its climate and the experience of the students living in it.

## II.  The Brief is Desirable and Relevant

The brief makes the single point that no party to this appeal is positioned to make: whichever way the Court resolves the legal questions presented, its opinion should not adopt, as premise or finding, the proposition that antisemitism at Harvard has abated. That factual question is contested and moving, the appellate record cannot resolve it, and neither party has an incentive to say so. The government litigates the scope of its authority; the university litigates the limits on that authority; nobody before the Court is charged with protecting the students whose experience the improvement narrative describes. NJAC is.

The brief serves the Court regardless of outcome. It is an argument for judicial restraint on a factual question the Court need not reach, grounded in the fixed

appellate record, the limits of judicial notice, and the settled skepticism federal courts apply to litigation-timed claims of institutional reform. A short brief on a point the parties will not brief is the core function of an amicus. Fed. R. App. P. 29(a)(3)(B).

### III.  The Timing of This Motion is a Function of the Evidence, not Delay

Under Rule 29(a)(6), a brief in support of Defendants-Appellants was due seven days after appellants' principal brief, which was filed on April 15, 2026. That deadline passed on April 22, 2026. NJAC did not miss it through inattention. The central evidence its brief presents did not yet exist.

On July 2, 2026, 170 Jewish and non-Jewish Harvard faculty and staff published an open letter to Jewish and Israeli students addressing current campus conditions: reporting that over the past year Jews and Israelis at Harvard concealed their identity, wearing caps over kippot, tucking away Stars of David, and scrubbing Jewish-sounding names and activities from resumes, and that students describing these experiences insisted on anonymity for fear of retribution. A brief filed by the April 22 deadline could not have presented evidence dated July 2. The factual predicate of NJAC's submission postdates the deadline for making it by two months.

**CONCLUSION**

For the foregoing reasons, the motion for leave should be granted and the accompanying brief accepted for filing.

July 31, 2026

Respectfully submitted,

/s/ *Douglas S. Brooks*
DOUGLAS S. BROOKS (BBO No. 636697)
LIBBY HOOPES BROOKS & MULVEY, P.C.
260 Franklin Street
Boston, MA 02110
(617) 338-9300
dbrooks@lhbmlegal.com

# **CERTIFICATE OF SERVICE**

I certify that on July 31, 2026, I caused the foregoing motion and the accompanying brief to be electronically filed with the Clerk of Court for the United States Court of Appeals for the First Circuit using the CM/ECF system, which will serve all counsel of record.

/s/ *Douglas S. Brooks*
DOUGLAS S. BROOKS

*Counsel for Amicus Curiae*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 443 words.

2.    This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

/s/ *Douglas S. Brooks*
DOUGLAS S. BROOKS

*Counsel for Amicus Curiae*